## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TERRI  L. LOEFFLER,

       Plaintiff**,**

v.

                 **COURT FILE NO.:**   07-2486 CM

PORTFOLIO RECOVERY ASSOCIATES LLC

       Defendant.

---

## COMPLAINT AND JURY DEMAND

---

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.  This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

3.  Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

4.  Plaintiff, Terri L. Loeffler, is a natural person who resides in the City of Overland Park, County of Johnson, State of Kansas.

5.  The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Defendant, Portfolio Recovery Associates LLC, is a foreign corporation with a resident agent address of 2101 SW 21st Street, Topeka, KS  66604.

7.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.   The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

9.   Sometime on or before October 2007, the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5),(hereinafter the "Account").

10.   Due to circumstances beyond the Plaintiff's control the Account was not paid and it went into default with the creditor.

11.   Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

12.   In the year prior to the filing of the instant action, Plaintiff and her former sister-in-law received phone calls from representatives, employees and/or agents of the Defendant who were attempting to collect the Account. These phone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

13.   During the phone calls representatives, employees and/or agents of the Defendant attempting to collect the account gave confidential account and collection details to Plaintiff's former sister-in-law. These actions constitute violations of the FDCPA.

14. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

15. The Defendant and its representatives, employees and/or agents above listed statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

16. The Defendant and its representatives, employees and/or agents above listed statements and actions constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7) and e(10).

17. The Defendant and its representatives, employees and/or agents above listed statements and actions involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(6)(C).

18. The Defendant's actions as well as that of its representatives, employees and/or agents were attempts to frighten, harass and abuse the Plaintiff into paying her alleged debt.

19. The Defendant's actions as well as that of its representatives, employees and/or agents were willful, wanton and malicious violations of the FDCPA.

20. As a consequence of the Defendant's collection activities and

communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## RESPONDEAT SUPERIOR

21.    The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

22.    The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

23.    As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

24.    The previous paragraphs are incorporated into this Count as if set forth in full.

25.    The acts and omissions of the Defendant and its representatives, employees and/or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), § 1692f preface and f(6)(C).

26.    The Defendant's violations are multiple, willful and intentional.

27.    Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    Actual damages under 15 USC § 1692k(a)(1).

2.    Statutory damages under 15 USC § 1692k(a)(2)(A).

3.    Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF

Address of the Plaintiff:
8419 W 47th Street
Overland Park, KS  66203